IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM P. HAMILTON,                )
                                    )
            Plaintiff,              )
                                    )
    v.                              )
                                    )   Civil Action No. 05-175
JO ANNE B. BARNHART,                )
COMMISSIONER OF                     )
SOCIAL SECURITY,                    )
                                    )
            Defendant.              )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 21st day of February, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for DIB on January 9, 2002, alleging disability beginning in June 2001, due to diabetes, complications of a foot ulcer, neuropathy, retinopathy and glaucoma of the left eye. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on November 12, 2002, at which plaintiff appeared represented by counsel. At the hearing, plaintiff amended his alleged onset date to June 10, 2000. In addition, plaintiff testified that he returned to full-time employment on May 28, 2002. Therefore, it was determined that plaintiff sought DIB for a closed period from June 10, 2000 to May 27, 2002 (the "relevant time period"). On January 24, 2003, the ALJ issued a decision finding that plaintiff was not disabled during the relevant time period. Plaintiff subsequently requested review by the Appeals Council, which was denied on January 21, 2005, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 47 years old at the time of the administrative hearing and is classified as a younger individual under the

AO 72A
(Rev.8/82)

regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education. Prior to his alleged onset date, plaintiff worked as a loader in a shipping department, and he returned to full-time work on May 28, 2002. However, plaintiff did not engage in substantial gainful activity at any time during the relevant time period.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff was not disabled within the meaning of the Act during the relevant time period. The ALJ found that although the medical evidence established that plaintiff suffered from the severe impairments of insulin dependent diabetes with retinopathy and neuropathy, the residual effects of a right heel fracture and foot ulceration, and glaucoma, those impairments alone, or in combination, did not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1") during the relevant time period.

The ALJ found that plaintiff retained the residual functional capacity to perform a significant range of sedentary work that involved only occasional climbing, balancing, stooping, kneeling, crouching and crawling. In addition, plaintiff required work that did not involve exposure to hazards such as heights and dangerous machinery (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform his past work during the relevant time period. Nonetheless, based

upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enabled him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as an alarm monitor, assembler or production inspector. Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act during the relevant time period.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past

- 4 -

relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff claims that the ALJ's finding that his impairments did not meet or equal any listing in Appendix 1 during the relevant time period is not supported by substantial evidence. Further, plaintiff asserts that the ALJ's step 5 finding that plaintiff retained the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §404.1525(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se

disabled and no further analysis is necessary." <u>Burnett</u>, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. <u>Id</u>. at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment. <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. <u>Burnett</u>, 220 F.2d at 119.

Plaintiff's step 3 argument is that the ALJ erred in failing to find that his condition met, or was equal to, listing 9.08A, which is defined as diabetes mellitus with neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dextrous movements, or gait and station. Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffered from diabetes with neuropathy, among other problems, which are severe impairments. The ALJ determined, however, that plaintiff's impairments did not meet or equal a listed impairment during the relevant time period. The ALJ stated that he considered listing 9.08 for diabetes, and he specifically found that plaintiff's condition did not meet or equal the

criteria set forth therein.[1] The ALJ then explained his reasoning as to why plaintiff's condition did not meet or equal the listing. (R. 17). The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his impairments met, or were equivalent to, a listing during the relevant time period. For all of these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the

---

[1] Contrary to plaintiff's assertion that his condition met, or was equal to, listing 9.08A during the relevant time period, upon a review of the record, the court finds that the medical evidence does not demonstrate sustained disturbance of gross and dextrous movements in two extremities as required by listing 9.08A. Plaintiff's right calcaneus heel fracture resolved and he had normal range of motion by the end of 2000. (R. 275, 278, 283). In addition, plaintiff's right toe infection in 2001 was treated successfully. (R. 379-82). Finally, a right foot ulcer that occurred in late 2001 was treated and was healed almost completely by January 2002. (R. 404-12, 421). By April 2002, plaintiff reported to one of his physicians that he was walking on a treadmill daily. (R. 732). Accordingly, plaintiff did not meet or equal the criteria of listing 9.08A during the relevant time period.

ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on two grounds, neither of which the court finds persuasive. Plaintiff argues that the ALJ erred at step 5 because: (1) the ALJ did not properly evaluate plaintiff's subjective complaints regarding his limitations; and (2) the ALJ's hypothetical question to the vocational expert did not account for all of plaintiff's limitations.

Plaintiff first contends that the ALJ did not properly evaluate his subjective complaints concerning side effects from his fluctuating blood sugar levels, which he asserts would require him to be off task two or three times per week for 30 to 60 minutes at a time. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c)(2); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). Moreover, an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).

Here, in evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered the relevant evidence in the record, including medical findings, plaintiff's medications and treatment, his activities of daily living, plaintiff's own statements about his limitations and statements by

- 8 -

his treating physicians about his condition. See 20 C.F.R. §404.1529(c)(1); Social Security Ruling 96-7p. As required by 20 C.F.R. §404.1529(c)(4), the ALJ then considered the extent to which plaintiff's alleged limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. The ALJ determined that the objective evidence is inconsistent with plaintiff's subjective complaints. The ALJ stated that there was no clinical confirmation for plaintiff's contention that he would be off task two or three times per week for 30 to 60 minutes at a time as a result of his condition. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 18). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 17-18), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's second step 5 argument is that the ALJ's hypothetical question to the vocational expert did not account for all of his limitations. Plaintiff claims that the ALJ erred by discounting the vocational expert's testimony in response to a hypothetical that provided he would be off task two or three times per week for 30 to 60 minutes because of fluctuating blood sugar levels. The vocational expert responded that there would not be any jobs in the national economy that an individual with such a limitation could perform.

An ALJ's hypothetical to a vocational expert must include all

of the claimant's impairments and limitations supported by the medical evidence. <u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the hypothetical that the ALJ relied upon incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. Nonetheless, according to plaintiff, the hypothetical should have included the limitation concerning plaintiff being off task a number of times per week. However, as observed by the ALJ in his decision, the medical evidence does not substantiate such a limitation. The records of plaintiff's treating physicians do not document that plaintiff needed to sit or lie down during the day due to his diabetes. To the contrary, as of January 2002 and April 2002, Dr. Toth reported that plaintiff's diabetes was well controlled. (R. 421, 733). Therefore, the court finds that the ALJ's hypothetical to the vocational expert set forth every credible limitation established by the evidence of record. Nothing in the record suggests that any other limitations claimed by plaintiff should have been incorporated into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff was not disabled within the meaning of the Act during the relevant time period. The ALJ's findings and

conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Robert G. Yeatts, Esq.
    Lewis & Ristvey, P.C.
    689 North Hermitage Road
    Hermitage, PA 16148

    Lee J. Karl
    Assistant U.S. Attorney
    Suite 400, U.S.P.O. & Courthouse
    Pittsburgh, PA 15219